UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

QUEONTAY DL CHAPMAN,

Plaintiff,

v. Case No. 26-CV-1116

OFFICER WILLIAMS et al.,

Defendants.

**DECISION AND ORDER**

Plaintiff Queontay DL Chapman, who is confined at the Milwaukee County Jail, is representing himself in this 42 U.S.C. § 1983 case. On July 14, 2026, the Court denied Plaintiff's motion for leave to proceed without prepaying the filing fee because he has on at least three prior occasions brought an action that was dismissed for failure to state a claim and because the complaint's allegations did not meet the imminent danger exception. (ECF No. 6 (relying on 28 U.S.C. § 1915(g)).) The Court informed Plaintiff that to proceed with this action, he must prepay the full civil case filing fee by August 12, 2026. The Court warned Plaintiff that if it did not receive the filing fee by the deadline, the Court would dismiss this case without prejudice based on his failure to pay the filing fee. The deadline has passed, and the Court has not received the fee.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED without prejudice** based on Plaintiff's failure to pay the civil case filing fee.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay the $405 filing fee. Accordingly, the agency having custody of Plaintiff shall collect from his institution trust account the $405 filing fee by collecting monthly payments from Plaintiff's

institution trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to Office of the Sheriff, Fiscal Operations Rm. 224, 821 W. State Street, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin on August 28, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.